UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHERINE RAJEWSKI, an
individual,

      Plaintiff,

vs.                                                                     CASE NO.:

K-RICO MEXICAN GRILL, LLC, a
Florida limited liability company,
SHANE'S CABANA BAR, INC., a
Florida profit corporation, and
SOUTHERN STYLE KITCHEN AND
COCKTAILS, LLC,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Katherine Rajewski ("Plaintiff"), by and through undersigned counsel, sues Defendants, K-Rico Mexican Grill, LLC ("K-Rico"), Shane's Cabana Bar, Inc. ("Cabana Bar"), and Southern Style Kitchen and Cocktails, LLC ("Southern Style"), and alleges as follows:

## INTRODUCTION

1.    This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover damages including, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff. This is also an action to recover wages due under Florida common law.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the federal claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.  This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Collier County, Florida and within the jurisdiction of the Middle District of Florida, Fort Myers Division.

## PARTIES

4.      Plaintiff was and is a resident and citizen of Collier County, Florida.  At all times pertinent, Plaintiff worked for Defendants in Collier County, Florida.

5.      Defendant K-Rico was and is a Florida limited liability company conducting business in Collier County, Florida, within the jurisdiction of the Middle District of Florida, Fort Myers Division, and subject to the requirements of the FLSA.

6.      Defendant Cabana Bar was and is a Florida profit corporation conducting business in Collier County, Florida, within the jurisdiction of the Middle District of Florida, Fort Myers Division, and subject to the requirements of the FLSA.

7.      Defendant Southern Style was and is a Florida limited liability company conducting business in Collier County, Florida, within the jurisdiction of

the Middle District of Florida, Fort Myers Division, and subject to the requirements of the FLSA.

8.      Defendants, K-Rico, Cabana Bar, and Southern Style, have interrelation of operations; centralized control of labor relations; common management; and common ownership or financial control. Defendants, K-Rico, Cabana Bar, and Southern Style, also jointly exercised control over Plaintiff during the employment relationship and in this regard were joint employers of Plaintiff. As such, for FLSA purposes, Defendants, K-Rico, Cabana Bar, and Southern Style, represent a single, integrated enterprise and are jointly and severally liable.

9.      At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

10.      At all times material, Defendant K-Rico was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

11.      At all times material, Defendant Cabana Bar was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

12.      At all times material, Defendant Southern Style was an enterprise, covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

13.      At all times material, Defendants were an employer as defined by 29 U.S.C. § 203(d).

14.     Defendants are engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

15.     Defendants employ employees that handle goods or materials that have moved in interstate commerce such as food products, beverages, and restaurant supplies.

16.     Defendants employ employees that are individually covered by the FLSA, such as servers that interact daily with non-Florida resident customers, process credit cards from out-of-state banks, and handle cash as part of their job, as well as the employees responsible for making orders through and interacting with food and alcohol vendors.

17.     Defendants are in the business of providing food and alcoholic and non-alcoholic drinks to the public that wish to eat and/or drink in Collier County, Florida.

18.     At all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

19.     Plaintiff worked for Defendants primarily as a bartender at Defendants' K-Rico, Cabana Bar, and Southern Style locations. In this capacity, Plaintiff handled

such goods as alcoholic and non-alcoholic beverages, food items and products, napkins, silverware, appliances, and restaurant equipment, which had travelled in interstate commerce, on a daily basis. Plaintiff also regularly interacted with customers traveling from outside of Florida into Florida. Plaintiff regularly handled credit and debit cards from customers, processing them through the company's payment system, which interacted with business entities outside of Florida.

20.    At all times material, Plaintiff was individually covered by the FLSA.

## GENERAL ALLEGATIONS

21.     Defendants employed Plaintiff in Collier County, Florida primarily as a bartender from approximately February 2019 through on or about May 21, 2021. During this time, Plaintiff's primary job duties included without limitation, preparing and serving alcoholic beverages for Defendants' customers.

22.    Defendants compensated Plaintiff on an hourly basis, which fluctuated between $7.00 per hour, $10.00 per hour, and $16.00 per hour, plus tips for her bartending shifts.

23.    Defendants had an unlawful policy and practice of counting Plaintiff's hours worked for Defendants at K-Rico, Cabana Bar, and Southern Style separately for overtime purposes, and failing to provide Plaintiff overtime compensation at the proper lawful rate for overtime hours worked. As such, Defendants cheated employees, including but not limited to, Plaintiff, out of their overtime (time and one-half) compensation and improperly calculated Plaintiff's compensation in violation of the FLSA.

24.     Plaintiff has worked in excess of forty (40) hours per week between Defendants' multiple locations without receiving any overtime compensation.

25.     Defendants wrongfully compensated Plaintiff at a straight time rate for hours worked over forty (40) hours in a workweek.

26.     Defendants knew that it was a violation of the FLSA not to compensate Plaintiff at a rate of not less than one and one-half her regular rate for all hours worked in a work week over forty (40) hours.

27.     Defendants willfully violated the FLSA, failed to provide Plaintiff overtime compensation, and failed to provide Plaintiff tips.

28.     To the extent any time records exist, concerning the number of hours worked, amounts to be paid to Plaintiff, and tips to be received by Plaintiff, the records are in the possession and custody of Defendants.

29.     Plaintiff has been required to retain counsel to prosecute the claims herein, and is obligated to pay counsel reasonable attorneys' fees and costs.

30.     All conditions precedent to this action have been satisfied.

## COUNT I
### (Overtime Compensation Due Under the FLSA/all Defendants)

31.     Plaintiff re-alleges paragraphs 1 through 30 as if set forth fully herein.

32.     Plaintiff worked more than forty (40) hours in a workweek for one or more weeks during her employment with Defendants.

33.     Defendants failed to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours

worked over forty (40) in a workweek for one or more weeks during her employment with Defendants. Specifically, Defendants counted Plaintiff's hours worked for Defendants at K-Rico, Cabana Bar, and Southern Style separately for overtime purposes and compensated Plaintiff at a straight time rate for all hours worked, including all hours worked over forty (40) in a workweek.

34.     Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

35.     Defendants also wrongfully withheld tips from Plaintiff.

36.     Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

     a.     accept jurisdiction over this action;

     b.     award damages for the amount of unpaid overtime compensation owed to Plaintiff;

     c.     award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the over time compensation owed to Plaintiff, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

     d.     award Plaintiff recovery of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

     e.     entry of final judgment against Defendants; and

     f.     award all other relief as the Court deems just and proper.

## COUNT II
### (Unpaid Wages/K-Rico)

37.     Plaintiff re-alleges paragraphs 1 through 8 as if set forth fully herein.

38.     Plaintiff worked for Defendant K-Rico as a bartender from approximately August 2019 through on or about May 21, 2021.

39.     Defendant K-Rico compensated Plaintiff on an hourly wage, plus tips basis.

40.     During the employment, Defendant K-Rico wrongfully and systematically withheld money from tips from Plaintiff by charging Plaintiff taxes and withholdings for other employees' tips.

41.     Specifically, as a matter of routine, Defendant K-Rico failed to properly record employee tip splits for credit card charges resulting in Defendant applying Plaintiff's tips/wages to satisfy the taxes and withholding obligations for other employees.

42.     Specifically, as an afternoon bartender, Plaintiff split her tips equally with another bartender, however, all credit card charges were credited for tax and withholdings purposes against Plaintiff, resulting in an underpayment of wages to Plaintiff.

43.     Plaintiff confronted her manager about the above practices and allegations, but was unable to obtain an adequate response.

44.     Plaintiff has been required to retain counsel to prosecute the claims herein, and is obligated to pay counsel reasonable attorneys' fees and costs.

45.    All conditions precedent to this action have been satisfied.

WHEREFORE, Plaintiff demands judgment for damages against Defendant

K-Rico, recovery of interest, attorneys' fees and costs, and such further relief as the

Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.


*s/ Bradley P. Rothman*
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*